## AULTMAN AND TAYLOR CO. v. WITCIK ET AL.

REDEMPTION: DEFECT OF PARTIES: FRAUDULENT CONVEYANCE: FACTS NOT CONSTITUTING.

*Appeal from Floyd District Court.*

SATURDAY, DECEMBER 15.

ACTION to subject certain real estate to the payment of a judgment obtained by plaintiff against Adam Witcik. Judgment for defendants and plaintiff appeals.

*Ellis & Ellis*, for appellants.

*Starr & Harrison*, for appellee.

SEEVERS, CH. J.—I. One parcel of land which plaintiff seeks to subject to the payment of its judgment, is the north half of the northwest quarter

of section 11, township 96, range 15. A short time before the rendition of the judgment, Adam Witcik conveyed the above described real estate, by quitclaim deed, to the defendant, Danforth, in consideration of thirty dollars paid by the latter to the former. Whether Witcik had any interest in said land cannot be ascertained from the evidence. It is true, the petition states that Witcik owned it, but this is denied in the answer. The land was encumbered by a mortgage, but who executed it the evidence fails to show. The mortgage was foreclosed, the land sold by the sheriff and conveyed to the purchaser. So that, as we understand the record, it is not now owned by any of the parties to this action.

The plaintiff seeks to set aside the conveyance from Witcik to Danforth, because it was made to defraud creditors. Conceding this to be so, the plaintiff would not be benefited if we should grant the relief asked, because neither Danforth or Witcik have now any interest in the premises. Their right was cut off by the foseclosure, sale and conveyance under the mortgage. But appellant insists that, if the conveyance to Danforth was fraudulent, it has the right to redeem from the prior mortgage. But the plaintiff has no better right in this respect than Danforth or Witcik had. As their right has been cut off, so has the plaintiff's. Besides this, the purchaser at sheriff's sale is not a party to this action, and this, we think, is fatal to plaintiff's claim that it is entitled to redeem.

II. It is stated in the petition that Adam Witcik acquired by purchase, from one Kettson, a forty acre tract of land, and, for the purpose of defrauding his creditors, he caused Kettson to convey the same to Danforth, to hold in secret trust for Witcik. The facts we find to be as follows: About eighteen months prior to the time the plaintiff obtained its judgment Witcik assigned to Danforth a contract he had for the conveyance to him of the forty acres in question. Witcik was indebted to Danforth in about $200, and Danforth, in consideration of the assignment of the contract, credited Witcik for some amount on the indebtedness; but what amount was so credited does not appear. What the terms and conditions of the contract were, is not shown. But Danforth had to pay Kettson nearly $400 to obtain a conveyance. There was a verbal contract between Witcik and Danforth, whereby the latter agreed that he would convey the forty acres to the former, whenever he (Danforth) was paid the amount paid Kettson to obtain the title. Afterward Witcik abandoned the land and left the country, saying that he would not pay Danforth, but that, if his wife and the boys could do so, he wished Danforth would give them a chance. In October, 1877, Danforth executed a contract in writing, whereby he agreed to convey the land to Mrs. Witcik, if she paid him the money paid Kettson, with interest, and paid the taxes.

The plaintiff's judgment was recovered in 1879 on notes executed in 1876. There is no evidence tending to show that Danforth, at the time the contract was assigned, or in 1877, when he executed the contract to Mrs. Witcik, had knowledge of such indebtedness. Nor is there any satisfactory evidence showing that either the assignment or contract entered into with Mrs. Witcik was made with intent to defraud the creditors of Adam Witcik.

The evidence satisfies us that Danforth had a good and perfect title to the land, and that he voluntarily agreed to convey the same to her, and this he

had the right to do. If he had made her a gift of the land, the creditors of Witcik could not justly complain.

AFFIRMED.